CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 17 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JASON JEROME WATLINGTON, | ) | CASE NO. 7:11CV00353 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| TOMMY PRUITT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Plaintiff Jason Jerome Watlington, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Watlington alleges that because he failed to return to the Danville Adult Detention Center (ADC) when he discovered he could not obtain school records as authorized by a court-ordered furlough, the defendant ADC officials convicted him of a disciplinary charge without due process and penalized him with the loss of earned good conduct time. As relief in this action, he asks for reversal of the disciplinary conviction, restoration of the lost good conduct time, and compensation "for being harassed daily." Upon review of the record, the court finds that the complaint must be summarily dismissed.

Watlington raised these same claims in a previous § 1983 action, which the court summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous, because he failed to name a defendant subject to suit under § 1983. See Watlington v. Danville Adult Detention Center, Case No. 7:11CV00270 (W.D. Va. June 22, 2011). In the memorandum opinion, however, the court also found that Watlington's allegations failed to state any constitutional claim against anyone. Id.

In his current complaint, Watlington names individual ADC officials as defendants, based on their involvement in the disciplinary proceedings. His allegations as a whole, however, do not offer any additional facts and do not otherwise alter the court's previous, detailed assessment that the events alleged do not implicate any constitutionally protected right and, therefore, do not state any § 1983 claim against anyone. Accordingly, for the reasons stated in the June 22, 2011 memorandum opinion in Case No. 7:11CV00270, this action is summarily dismissed, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of August, 2011.

_____
Chief United States District Judge